IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 07-00170 JMS/LEK |
| | ) |
| Petitioner, | ) ORDER ADOPTING MAGISTRATE |
| | ) JUDGE'S FINDINGS AND |
| vs. | ) RECOMMENDATION TO |
| | ) ENFORCE INTERNAL REVENUE |
| NICHOLAS P. WEBB, | ) SERVICE SUMMONS |
| | ) |
| Respondent. | ) |
| _____ | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO ENFORCE INTERNAL
REVENUE SERVICE SUMMONS**

**I.  INTRODUCTION**

Pro se Respondent Nicholas P. Webb ("Webb") objects to Magistrate

Judge Leslie E. Kobayashi's May 15, 2007 Report and Recommendation to

Enforce Internal Review Services Summons ("Report and Recommendation").

After reviewing the record below, Webb's objections to the Report and

Recommendation, and the government's response, the court adopts the Magistrate

Judge's Report and Recommendation.

## II.  BACKGROUND

On March 28, 2007, the United States filed a Petition to Enforce

Internal Revenue Service Summons ("Petition").  According to the Petition, Webb

failed to comply with a January 9, 2007 Internal Revenue Service ("IRS")

administrative summons requiring him to provide documents and give testimony.

In its Petition, the government established a prima facie case for enforcement; that

is, the summons was issued for a legitimate purpose, that information sought is

relevant to that purpose, the information sought is not in the IRS's possession, and

the administrative steps required for issuance and service of the summons were

followed.  *See United States v. Powell*, 379 U.S. 48 (1964).  As a result, on April

11, 2007, this court entered an Order to Show Cause why Webb should not be

compelled to obey the January 9, 2007 IRS summons.

A hearing was held on May 14, 2007 before Magistrate Judge

Kobayashi.[1]  During that proceeding, Webb did not argue that the government

failed to prove the *Powell* factors for enforcement.  Instead, he argued that Revenue

Agent Humpert was a "party" to the action, and that the government had not

provided him evidence of an authorized signature and the Attorney General's

delegation of authority.  In her Report and Recommendation, Magistrate Judge

---

[1] The court has listened to the audio recording of this May 14, 2007 hearing.

Kobayashi recommends to this court that an order be entered enforcing the January 9, 2007 IRS summons; that Webb deliver all documents requested in the January 9, 2007 summons by noon on June 13, 2007[2]; and that should Webb fail to comply with the order, the United States may, within thirty days after the entry of the order, move the court for contempt of the order.  Webb appeals the Report and Recommendation.

### III.  STANDARD OF REVIEW

"The applicable standard of review for an appeal of a magistrate's order turns on whether the order is dispositive or nondispositive." *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001); *see also* Fed. R. Civ. P. 72.  Several courts have held that a ruling on a petition to enforce compliance with an IRS summons is dispositive, resulting in a de novo standard of review.  *See United States v. Mueller*, 930 F.2d 10 (8th Cir. 1991); *United States v. First Nat'l Bank of Atlanta*, 628 F.2d 871 (5th Cir. 1980); *United States v. Jones*, 581 F.2d 816 (10th Cir. 1978).  This court agrees.  As a result, those portions of the Report and

---

[2] The Report and Recommendation inadvertently set the date for delivery of the documents on June 13, 2004; it was clearly intended to set the date on June 13, 2007.

Recommendation to which Webb objects will be reviewed de novo.  *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).[3]

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV.  ANALYSIS

Webb makes a series of incoherent objections to the Report and Recommendation.  He first argues, without any support, that the summons was served for "illegitimate purposes."  Absent the presentation of any evidence to support this claim, and after a further review of the Petition to Enforce Internal

---

[3] Any portion of a Report and Recommendation to which no objection is made is adopted without review.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the district courts are not required to conduct any review of issues not subject to objection); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (Emphasis in original.)).

Revenue Service Summons, the court finds that the government has met its burden to show that the documents sought are for a legitimate purpose. Specifically, the documents sought are relevant to the collection of Webb's federal income tax liabilities for the tax years 1992-1998 and 2001. *See* Declaration of Revenue Officer Martin Humpert attached to the Petition to Enforce Internal Revenue Service Summons.

Webb also claims, again without any support, that the "administrative steps for issuance and service of the summons were irregularities of law. . . ." Although not clear, it appears Webb is claiming that the Petition's service of process by IRS Revenue Officer Humpert was improper under Fed. R. Civ. P. 4(c)(2) because Humpert is a "party" to this action. Rule 4(c)(2) states in part that "[s]ervice may be effected by a person who is not a party and who is at least 18 years of age." Webb previously raised this argument in an April 17, 2007 Objection to the Order to Show Cause. In its April 24, 2007 Order denying the objection, this court found that although a party may not effect service,

> Martin Humpert . . . as an employee of the IRS, is not a party to this action. The United States, not the IRS or Humpert, initiated this enforcement proceeding. 'As a non-party, the IRS agent was eligible to serve process[.]' *United States v. Ralidis*, 2006 WL 598188 at *4 (W.D. Tex. 2006); *see also United States v. Kahn*, 2003 WL 22384761, at *2 (M.D. Fla. Sep. 2, 2003); *United States*

5

*v. Gregor*, 1989 WL 6388, at *1 (N.D. Ill. Jan. 26, 1989). The court concludes that service was in fact proper.

The court reiterates -- service of process was proper under Fed. R. Civ. P. 4(c)(2).

Webb also appears to allege that this court lacks jurisdiction over him, claiming that "proof of a U.S. claim over Respondent and/or I does not exist to grant court jurisdiction. . . ."  Contrary to this statement, 26 U.S.C. § 7402(b) grants this court with jurisdiction to enforce the IRS summons.

Finally, Webb makes a cross-claim, requesting dismissal of this action. He makes an array of disjointed arguments, all of which appear frivolous.  For example, Webb claims that he "fired" Assistant U.S. Attorney Harry Yee (who appeared on behalf of the United States at the hearing before Magistrate Judge Kobayashi).  AUSA Yee represents the United States, not Webb.  Webb's remaining allegations are simply not comprehensible and legally frivolous.

After a de novo review, the court adopts the Report and Recommendation.  The court ORDERS that:

(1)  The Internal Revenue Service Summons issued on January 9, 2007 and served on Webb is hereby enforced, and Webb shall obey the summons in full;

6

(2)  Webb shall deliver to the offices of Internal Revenue Service Officer Martin Humpert on or before 12:00 p.m. (noon) on Wednesday, June 13, 2007 all documents requested in the January 9, 2007 summons; and

(3)  Should Webb fail to comply with this Order, then the United States may, within thirty days after the entry of this Order, move the court for a hearing on a motion for contempt of this Order, which remedies may include, but are not limited to, fines, criminal contempt, and imprisonment.

## V.  CONCLUSION

For the reasons stated above, this court adopts the Report and Recommendation of the Magistrate Judge.  As this Order disposes of all outstanding matters in this case, the clerk of the court is instructed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 5, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*USA v. Webb*, Civ. No. 07-00170 JMS-LEK, Order Adopting Magistrate Judge's Findings and Recommendation to Enforce Internal Revenue Service Summons